Edward Ross CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 49910.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Rehearing Denied Oct. 8, 1975.

James P. Finstrom, Court-appointed, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gary Love, Bob Whaley and Jay Ethington, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for carrying a pistol on licensed premises. Punishment was assessed at three years.

Bessie Sylvester, owner and manager of the Anchor Room Bar, testified that a man in the bar was carrying a pistol on November 3, 1972. She called the police. Officers Hay and Warren and a civilian observer, James McConnell, responded to the call. McConnell testified that he saw a man pass a gun to appellant in the bar. Appellant left the bar with the pistol. Officer Warren arrested appellant outside the bar. Appellant resisted arrest and attempted to throw the gun on top of a nearby building.

Bessie Sylvester testified that the Anchor Room Bar was licensed to sell alcoholic beverages by the Texas Alcoholic Beverage Commission.

We conclude that the evidence is sufficient to support the conviction.

■ Appellant contends that the indictment fails to specifically allege that appellant carried a pistol on licensed premises. The indictment, omitting the formal parts, alleges that:

" . . . Edward Ross Clark hereinafter styled Defendant, on or about the 4 day of November in the year of our Lord

One Thousand Nine Hundred and seventy-three in the County and State aforesaid, did unlawfully, carry on and about his person, a pistol, said pistol having been carried in the premises located at 2000 Second Avenue, in the City of Dallas, Texas, said premises being covered by a permit and license issued under the provisions of the Texas Liquor Control Act. . . ."

The indictment alleges that appellant carried a pistol and immediately thereafter alleges "said pistol having been carried in the premises located at 2000 Second Avenue, in the City of Dallas, Texas," and that said premises "being covered" by a permit and license. The indictment, read as a whole, alleges that appellant carried a pistol on licensed premises. The allegations in the indictment were sufficient to apprise appellant of the offense under the statute. *McKenzie v. State*, 450 S.W.2d 341 (Tex.Cr. App.1970), 408 U.S. 938, 92 S.Ct. 2868, 33 L.Ed.2d 758, on remand, 488 S.W.2d 801, (Tex.Cr.App.1972); *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex. Cr.App.1974); *Besson v. State*, 515 S.W.2d 112 (Tex.Cr.App.1974); *Terry v. State*, 471 S.W.2d 848 (Tex.Cr.App.1971).

■ Appellant next contends that the trial court erred in refusing to submit a requested charge on a lesser included offense of unlawfully carrying a prohibited weapon. Appellant offered no evidence on the issue of the lesser included offense and the testimony of the State's witnesses was uncontradicted. In *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974), this Court wrote:

"  .   .   .   merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense."

This contention is overruled.

Appellant next contends that the trial court erred in failing to charge the jury that appellant was guilty only if he intended to carry the pistol on a licensed premise. The trial court charged the jury on each element of the offense. No error is shown.

■ Appellant contends that Article 483, V.A.P.C., is constitutionally overbroad. Article 483 provides that carrying a pistol is a felony if "the offense is committed by a person while in any premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act . . . ." Article 483 is not limited to premises on which alcoholic beverages are sold to the public since the Texas Liquor Control Act provides for the issuance of licenses and permits to liquor wholesalers, distillers, rectifiers, carriers and brewers. See Article 666–15, Texas Liquor Control Act, Auxiliary Penal Laws. The possible application of Article 483 to premises other than restaurants and bars does not render Article 483 constitutionally overbroad. In *Baker v. State*, 478 S.W.2d 445 (Tex.Cr.App. 1972), this Court wrote:

"A statute is overbroad when it prohibits both activity which is protected by the Constitution of the United States and activity which is not so protected. *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). .   .   ."

See also *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *McMorris v. State*, 516 S.W.2d 927 (Tex.Cr.App.1974).

Carrying a pistol in a warehouse, brewery, or distillery is not conduct protected by the Constitution. We hold that Article 483 is not constitutionally overbroad.

■ Appellant's last ground of error contends that the prosecution was barred by doctrine of collateral estoppel. Appellant was indicted for unlawfully carrying a pistol on a licensed premise and assault with a prohibited weapon. Both offenses arose out of the same transaction and both offenses were tried simultaneously by agreement of the parties. Appellant was convicted of both offenses.

In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Supreme Court of the United States wrote:

" . . . It [collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any *future* lawsuit. . . ." (Emphasis Supplied)

Collateral estoppel is not applicable to the instant case since the same jury found appellant guilty of both offenses. See *Jones v. State*, 514 S.W.2d 255 (Tex.Cr.App.1974). See also concurring opinion of Justices Brennan, Douglas and Marshall in *Ashe v. Swenson*, supra.

No error has been shown.

The judgment is affirmed.

ODOM, Judge (dissenting).

Appellant contends the indictment is insufficient to charge the offense for which he was convicted. The indictment, in material part, charges appellant:

" . . . did unlawfully, carry on and about his person a pistol, said pistol having been carried in the premises located at 2000 Second Avenue, in the City of Dallas, Texas, said premises being covered by a permit and license issued under the provisions of the Texas Liquor Control Act."

Article 483, V.A.P.C., at the time of the offense charged, provided:

"(a) Any person who shall carry on or about his person, saddle or in his saddlebags, or in his portfolio or purse any pistol, dirk, dagger, slung shot, blackjack, hand chain, night stick, pipe stick, sword cane, spear, knuckles made of any metal or any hard substance, bowie knife, switch blade knife, spring blade knife, throw blade knife, a knife with a blade over five and one half (5½) inches in length, or any other knife manufactured or sold for the purposes of offense or defense shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) or by confinement in jail for not less than one (1) month nor more than one (1) year, except that if the offense is committed by a person while in any premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act or at any dance where the public is invited and alcoholic beverages are openly sold, served, or consumed, he is guilty of a felony and upon conviction shall be punished by imprisonment in the state penitentiary for not less than two (2) years nor more than five (5) years.

"(b) Where the misdemeanor offense is proved under allegations constituting a felony under this Article, the misdemeanor shall be a lesser included offense."

It will be observed that a violation of this statute is a misdemeanor with a maximum punishment of a five hundred dollar fine or one year in jail unless one of the two aggravating elements be alleged and proven. The aggravating element relied upon by the State in the instant case is that in which "the offense is committed by a person *while in* any premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act." (Emphasis added.) Under this statute, the aggravating element must be alleged, not only to secure the greater punishment, but also to plead a felony and demonstrate from the face of the indictment that the district court had jurisdiction of the case. *Standley v. State*, 517 S.W.2d 538; *Wilson v. State*, 520 S.W.2d 377; Article 27.08(4), V.A.C.C.P.

Appellant does not contend that the indictment fails to set forth the enhancement and jurisdictional element "in plain and intelligible words," as required by Articles 27.09(2) and 21.02(7), V.A.C.C.P. He contends, instead, that the language in the indictment is insufficient as a matter of law to allege the element relied upon in this prosecution, rendering it insufficient to support the conviction, which also would render it insufficient to support a prosecution in district court under Art. 27.08(4), supra.

Does the indictment in this case allege the aggravating element which the State sought to prove? In *Nevarez v. State*, 503 S.W.2d 767, an indictment for the same criminal offense here in issue alleged the defendant "did then and there carry on and about his person a pistol *while in a premise covered by a permit and license under the Texas Liquor Control Act . . . .*" (Emphasis added.) The opinion in that case pointed out that when an offense may only be committed in a certain type or class of place, it is sufficient to allege that it was committed in such a place. Compare *Hodge v. State*, Tex.Cr.App., 527 S.W.2d 289 (1975). However, when no such allegation is made, the charging instrument is insufficient. *Shane v. State*, 513 S.W.2d 579; *Adams v. State*, 524 S.W.2d 67 (1975).

The only allegation connecting appellant's conduct to the premises appearing in the indictment upon which appellant was convicted is "said pistol having been carried in the premises . . ." It does not allege that appellant was on the premises described; it does not allege when or by whom the pistol was carried on the premises; it only alleges that appellant carried a pistol, which pistol had at some time unstated by some person unstated been carried upon the described premises. Looking to the plain and obvious meaning of the charging portion of the indictment, one can only conclude that it fails to allege the aggravating circumstances relied upon for the felony conviction.

In *Mesa v. State*, 462 S.W.2d 600, this Court quoted the following rule of law from 1 Branch's Ann.P.C., 2d ed., Sec. 512, p. 495, with approval: "If the word omitted is essential to the certainty necessary in the description of the offense it cannot be supplied by intendment, and of consequence such omission is fatal to the validity of the indictment." In the instant case, it appears the language used in the indictment is so at variance with the offense of which appellant was convicted that it must be said several words were omitted. As a consequence of such omission, the indictment fails to allege that the pistol was carried by appellant at the time alleged on the described premises. Although the indictment does allege the included misdemeanor, it does not allege the offense for which appellant stands convicted.

The majority state in conclusory fashion, "The indictment, read as a whole, alleges that appellant carried a pistol on licensed premises."[1] In doing so they violate the rule quoted above from *Mesa v. State*, and supply by implication facts that plainly are not alleged in the indictment. If "notice pleading" is the new law of the land, the majority should say so and overrule *Mesa v. State*, supra.

For insufficiency of the indictment to support the verdict and judgment of conviction, the judgment should be reversed and the cause remanded.

For these reasons I respectfully dissent.

ROBERTS, J., joins in this dissent.

---

1. The majority also state that the indictment was "sufficient to apprise appellant of the offense under the statute." As pointed out above, appellant has not raised any notice complaint under Articles 27.09(2) and 21.-02(7).