**James Lee BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50167.**

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

Sam Saleh and Ricky Smith (Both court-appointed) Lamesa, for appellant.

Joe Smith, Dist. Atty., Seminole, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The conviction was for the offense of aggravated rape alleged to have occurred on or about October 4, 1974. The jury assessed punishment at twenty years.

The first ground of error contends that appellant was denied due process of law in that his indictment fails to allege all the elements of the offense for which he was convicted.

The indictment contained two counts. The first sought to allege rape (V.T.C.A. Penal Code, Sec. 21.02); the second, aggravated rape (V.T.C.A. Penal Code, Sec. 21.-03). The charging part of the second count, upon which appellant's conviction rests, states that appellant did

"intentionally and knowingly by threats, that would prevent resistance by a woman of ordinary resolution, compel M___ E___ S___, a female not his wife, to submit to sexual intercourse without her consent; and the said James Lee Banks did then and there intentionally and knowingly compel M___ E. S___ to submit to sexual intercourse by threat of death to be imminently inflicted on M___ E. S___ against the peace and dignity of the State."

V.T.C.A. Penal Code, Sec. 21.03, provides in pertinent part:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code . . . and he . . .

"(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone. . . ."

Section 21.03(a)(2) is sufficiently alleged in the indictment. The determination whether Sec. 21.03(a) is sufficiently alleged must rest upon an examination of Sec. 21.02, to which Sec. 21.03 alludes. Section 21.02 provides in pertinent part:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

". . .

"(2) he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution . . .."

Section 21.02(b)(2) is sufficiently alleged in the indictment. Appellant's complaint is that Section 21.02(a) is not. He argues that the indictment nowhere alleges that the appellant engaged in sexual intercourse with anyone.

When the indictment is read as a whole and considered in its entirety, it sufficiently alleges that appellant had sexual intercourse with the prosecutrix. *Clark v.*

*State,* Tex.Cr.App., 527 S.W.2d 292.[1]  The first ground of error is overruled.

The second ground of error asserts that the indictment failed to allege that the prosecutrix was not appellant's wife, an element of the offense of rape.  An examination of the indictment reveals otherwise and the ground of error, therefore, is without merit.

■ The third ground of error urges the insufficiency of the evidence to prove that the prosecutrix was not appellant's wife.  The record reflects that the prosecutor upon direct examination inquired of prosecutrix as follows:

"Q.  Now, you are married to Bill S____, are you not?

"A.  Don William.  He goes by Bill.

"Q.  And the man that has been pointed out to you [the appellant] is not your husband?

"A.  No, sir, he is not."

The ground of error is without merit and overruled.

In the fourth ground of error appellant contends that the trial court erred in allowing the prosecutrix in court to identify the appellant as her assailant.  He complains that appellant had no counsel present when the prosecutrix identified him during a one-man showup conducted at the police station a few hours after the offense was committed.  He contends that the showup therefore tainted the in-court identification.

Appellant relies upon *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and *Martinez v. State,* Tex.Cr.App., 437 S.W.2d 842.  Such reliance is misplaced.

■ The showup, although conducted a short time after appellant had been arrested, occurred before he had been indicted or otherwise formally charged with criminal conduct.  The presence of counsel is not required until "at or after the initiation of adversary judicial proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972).

The showup, therefore, was not illegal per se for lack of counsel.  The confrontation may, nevertheless, under the totality of the circumstances, have been "so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law." *Stovall v. Denno,* 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967).  *Accord, Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).  Although we do not construe appellant's ground of error as contending that his showup violated this general due process standard, we have in the interest of justice scrutinized the circumstances surrounding the showup with a view toward determining whether such a violation occurred.  Art. 40.09(13), V.A.C.C.P.

■ The offense occurred in daylight.  The prosecutrix had ample opportunity to observe the facial and other physical characteristics of the appellant.  She viewed the appellant at the police station only hours after the commission of the offense and immediately identified him.  The police officer who had asked her to come to the station merely stated that a suspect was in custody who matched the description she had given.  Moreover, she testified that her

---

1.  Although this writer dissented in *Clark,* supra, we are nevertheless bound by the decision of this Court establishing the above stated test for determining the sufficiency of an indictment.  However, the indictment in this case should not be followed as a sound model for future pleading.  Had a motion to quash been filed on the grounds now urged, an entirely different question would have been presented and a different result may well have been reached.

in-court identification of appellant was based solely upon her observations during the commission of the offense. Under the totality of the circumstances, no violation of due process has been shown. The fourth ground of error is overruled.

In the fifth ground of error appellant contends that the evidence was insufficient to show that venue was proper in Gaines County. Article 13.15, V.A.C.C.P., provides that rape may be prosecuted in the county in which it is committed. Article 13.17, V.A.C.C.P., provides in pertinent part:

"To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue."

In the instant case, the prosecutrix testified that the rape occurred no more than three miles from Seminole, the county seat of Gaines County, and that her "best guess" as to the distance appellant drove her from Seminole was two miles. The prosecutor then inquired of her as follows:

"Q. Do you know whether or not that is in Gaines County, Texas?

"A. I would think it is, but I am not sure."

This evidence was sufficient to support, by a preponderance of the evidence, a finding that venue was proper in Gaines County. *Phillips v. State,* Tex.Cr.App., 459 S.W.2d 632. See also *Hignite v. State,* Tex.Cr.App., 522 S.W.2d 210; *Esquivel v. State,* Tex.Cr. App., 506 S.W.2d 613; *Williams v. State,* Tex.Cr.App., 481 S.W.2d 119. The ground of error is overruled.

In the sixth ground of error appellant contends the trial court erred in refusing his requested charge on the definition of "threat" and "threat of death" within the meaning of V.T.C.A. Penal Code, Sec. 21.02(b)(2) and V.T.C.A. Penal Code, Sec. 21.03(a)(2), respectively, and argues that the

charge should explain the meaning of these terms where the case demands it. The authorities relied upon and the definitions requested, however, state the meaning of "threats" under Article 1185, V.A.P.C., which was not the law governing the trial of the instant case. The court here charged the jury, "The intercourse is without the female's consent if he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution." Applying the law to the facts of the case, the charge further required the jury to find, before they could convict appellant, that submission was compelled "by threats that would prevent resistance by a woman of ordinary resolution." This charge correctly explained "what is meant by . . . *threats,* as a part of the case," (*Jones v. State,* 10 Tex.App. 552, 559) as that term is now used in V.T.C.A. Penal Code, Sec. 21.02(b)(2). The ground of error is overruled.

Finally, appellant contends that the evidence is insufficient to support a conviction for aggravated rape in that the testimony of the prosecutrix was ambiguous or contradictory as to her fear of the appellant. At one point she stated that she did not fear that appellant would kill her. At another, she stated that "I felt sure that if he decided to kill me he would kill me. . . ."

The prosecutrix was certain, however, that appellant threatened to kill her several times. By virtue of such threats and the pistol he carried throughout the episode, appellant compelled submission to his desires. This evidence was sufficient to support the jury's verdict. The ground of error is without merit and is overruled.

There being no reversible error, the judgment is affirmed.

ROBERTS, J., dissents for the reasons stated in the dissenting opinion in *Clark v. State,* 527 S.W.2d 295.