**Sammy Lee CHILDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52549.**

Court of Criminal Appeals of Texas.

March 9, 1977.

more carefully drafted indictment in *Booker v. State,* 523 S.W.2d 413 (Tex.Cr.App.1975).

**614**

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and Mike Keasler, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted for aggravated rape under V.T.C.A., Penal Code Sec. 21.-03(a)(2). Punishment was assessed at twenty years.

Appellant in two grounds of error asserts that the indictment is fundamentally defective because it fails to charge the offense of aggravated rape as set forth in Sec. 21.03, supra.

Appellant made no motion to quash the instrument at trial. The indictment, omitting the formal parts, alleges that the appellant:

" . . . did then and there knowingly and intentionally by force and threats have sexual intercourse with A_-____M____J____, a female not his wife, and did then and there intentionally and knowingly compel A____M____-J____ to submit to such act of sexual intercourse by threatening the imminent infliction of death."

Section 21.03(a)(2), supra, provides:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code . . . and he:

\* \* \* \* \* \*

"(2) compels submission to the rape by threat of death . . . to be imminently inflicted on anyone."

V.T.C.A., Penal Code Sec. 21.02 defines rape as:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b)[1] The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

"(2) he compels her to submit or participate by any threat that would prevent

---

**1.** This subsection has been amended since the time of appellant's trial.

resistance by a woman of ordinary resolution; . . ."

Appellant contends that the charging instrument is fatally defective because it fails to allege to whom the threat of imminent infliction of death was directed and because it fails to allege all of the requisite elements of rape as defined by Sec. 21.02, supra. We must ascertain whether the indictment, when read as a whole, sufficiently charges the offense of aggravated rape.[2] *Banks v. State*, Tex.Cr.App., 530 S.W.2d 940; *Clark v. State*, Tex.Cr.App., 527 S.W.2d 292.

■ Appellant correctly observes that the indictment does not directly specify the person threatened with the imminent infliction of death. It does, however, allege that appellant made this threat, and that the injured party was compelled to submit to his act because of this threat.

The charging instrument, at the least, alleges that the injured party submitted to the sexual intercourse because of a threat made by the appellant. The specific threat alleged to have been made by the appellant is outlined by the language of Sec. 21.03, supra. A logical deduction arising from a reasonable reading of the entire indictment is that the prosecutrix submitted to appellant's act because he threatened *her* with the imminent infliction of death. If the evidence showed that some other person were the object of the threat, it would be a variance between the allegation and the proof.[3]

■ The indictment is not fundamentally defective for failure to allege to whom the threat of imminent infliction of death was directed. An indictment for aggravated rape should make this allegation. But, absent a motion to quash, no error is presented. The first ground of error is overruled.

■ Appellant also insists that the indictment fails to allege all of the essential elements of rape as set forth in Sec. 21.02, supra. First, appellant maintains that the indictment must specifically allege that the "force" or "threats" used were the type enumerated in Secs. 21.02(b)(1) and (2), supra. This contention was expressly rejected in *Watson v. State*, Tex.Cr.App., 548 S.W.2d 676 (1977). Presiding Judge Onion, speaking for the Court, stated:

"The only type of 'force' which will support a rape conviction is that which 'overcomes such earnest resistance as might reasonably be expected under the circumstances.' The only type of 'threat' which will support a rape conviction is that which 'would prevent resistance by a woman of ordinary resolution.'"

It is unnecessary to specifically allege the type of force and threats outlined in Sec. 21.02, supra. Appellant's assertion is without merit.

■ Next, appellant claims that the indictment is defective because it does not allege that the act was committed without the female's consent. Section 21.02, supra.

The indictment does allege, however, that the appellant had sexual intercourse with the victim by force and threats and that he compelled her to submit to this act of sexual intercourse by threatening the imminent infliction of death. The indictment meets the test subscribed to by the majority in *Clark v. State*, supra.

---

2. For convenience, I restate and reaffirm note 1 of the decision in *Banks* and apply it to the case at bar: "Although this writer dissented in *Clark*, supra, we are nevertheless bound by the decision of this Court establishing the above stated test for determining the sufficiency of an indictment. However, the indictment in this case should not be followed as a sound model for future pleading. Had a motion to quash been filed on the grounds now urged, an entirely different question would have been presented and a different result may well have been reached." 530 S.W.2d 942.

3. Section 21.03, supra, provides that a rape becomes a first degree felony when the actor compels submission to the act by threat of death to be imminently inflicted on anyone. The object of the threat can be one or more persons, but the prosecutrix is always one of the persons to whom the threat is communicated. If this communication compels her to submit to the sexual act, the prohibitions of the statute have been violated.

The lack of consent of the victim is initially indicated by the use of the words "force" and "threats." In *Watson v. State*, supra, it was also stated:

"The use in the indictment in the instant case of the general terms 'force' and 'threats' *to describe why consent to sexual intercourse was lacking* embrace the special terms or definitions in the statute giving adequate notice to the appellant of the elements with which he was charged." (Emphasis added.)

The use of the words "force" and "threats" in the indictment in the case at bar also describes "why consent to sexual intercourse was lacking." Although a direct allegation of lack of consent is not contained in the instrument, when read as a whole (*Clark*, supra) the indictment sufficiently alleges the injured party's lack of consent.

Furthermore, the allegation that the victim was compelled to submit to sexual intercourse because of the appellant's threat to inflict death also implies that there was no consent to the sexual intercourse.

Our position on this issue is not without precedent. In *Williams v. State*, 1 Tex. App. 90, the Court of Appeals held that an allegation of the complainant's non-consent was not essential to an indictment for rape.[4] The opinion in that case held that an allegation that the woman was "ravished" was sufficient to imply want of consent. Applying such reasoning to the case at bar supports the conclusion that the language used in this indictment was sufficient to allege that the sexual intercourse occurred without the consent of the prosecutrix.

The second ground of error is overruled.

The judgment is affirmed.

PHILLIPS, Judge, concurring.

The instant indictment alleged appellant compelled the prosecutrix to submit "by threatening the imminent infliction of death." Compulsion under these circum-

stances sufficiently alleges the act that was committed without the female's consent. See Art. 21.17, V.A.C.C.P.

---

4. The rape statute, at that time, defined rape as "the carnal knowledge of a woman, without her consent, obtained by force, threats, or fraud." Paschal's Digest, Criminal Code, Art. 2184.