**Johnnie Guzman AMADOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–334–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 22, 1985.

1. TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1985).

William F. Carter, Madisonville, for appellant.

David S. Barron, Asst. Dist. Atty., Anderson, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Johnnie Guzman Amador appeals a jury conviction for aggravated sexual assault. The trial court assessed punishment at 12 years' confinement. Appellant presents two grounds of error, alleging a violation of his right to a speedy trial and trial court error in failing to quash an allegedly defective indictment. We find no reversible error and affirm the judgment below.

After the complainant in this case was sexually assaulted on June 3, 1982, a warrant was issued for appellant's arrest on June 4th. Grimes County Deputy Sheriff Chris Siracusa contacted the Houston Police Department for assistance in locating the appellant who resided in Harris County. On July 29, 1982, the Grimes County Grand Jury officially indicted appellant, thus commencing the action against him for purposes of the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 2 (Vernon Supp.1985). Appellant was finally arrested on November 3, 1983, in Harris County, Texas, and was returned to Grimes County on November 4, 1983, to stand trial. He was arraigned on January 6, 1984, and the State announced its readiness for trial on the same day. The trial began April 9, 1984.

Ground of error one complains that the State violated the Speedy Trial Act by failing to bring the appellant to trial within the required time limit. Because appellant was charged with a felony, the Act requires the State to be ready for trial within 120 days of the commencement of the action against him. Art. 32A.02, § 1(1). However, § 4 of the Act provides that certain periods may be excluded from the 120-day limit:

> In computing the time by which the state must be ready for trial, the following periods shall be excluded:
>
> \*  \*  \*  \*  \*  \*
>
> (4) a period of delay resulting from the absence of the defendant because his location is unknown and:
>
> (A) he is attempting to avoid apprehension or prosecution; or
>
> (B) the state has been unable to determine his location by due diligence....

Art. 32A.02, § 4.

Appellant contends the State was required to announce its readiness for trial by November 26, 1982, a date that is 120 days from July 29, 1982, when appellant was indicted. However, because of appellant's absence, the State was not ready until January 6, 1984. Appellant asserts that because the State failed to exercise due diligence in locating him, his absence between July 29, 1982, and November 4, 1983, may not be excluded from the 120-day requirement. Art. 32A.02 § 4(4)(B).

We find no merit in appellant's allegation. The record discloses that Deputy Sheriff Siracusa could not locate the appellant in the vicinity of Singleton and Plantersville, Texas, where the complainant was abducted and later assaulted. He then requested assistance from the Houston Police Department through teletype and telephone conversations with Detective Yarborough on June 4, 1982. He provided Detective Yarborough several addresses where the appellant might be located in Harris County. For two or three weeks after the crime was committed, Siracusa continued to search for appellant in Grimes County at locations appellant was known to frequent. Reserve Deputy Tom Perry who lived in

the Singleton area also checked these locations at different times day and night to see if the appellant had returned. Siracusa testified that because the Grimes County Sheriff's Department employs only six officers to patrol a jurisdiction of 800 square miles, it lacks the manpower to search for fugitives in other jurisdictions.

Another witness at trial was Ronnie Gomez, the appellant's nephew and the complainant's boyfriend at the time of the offense. He testified that he saw the appellant in Harris County a few months after the offense. The appellant apparently told Gomez that he knew the police were looking for him and that he was "moving back and forth" between residences. Gomez further testified that he assisted Detective Yarborough of the Houston Police Department in his attempts to locate appellant by showing him several Houston locations where the appellant might be found.

The complainant's mother, Maria Trujillo, testified she learned from the appellant's sister that the Houston police had contacted several of the appellant's brothers in their search for the accused. Ms. Trujillo also testified that Detective Yarborough several times appeared at her house at 920 Kelly in Houston to pick up Ronnie Gomez (who by then was married to the complainant and living at 920 Kelly), so Ronnie could assist the detective in locating the appellant.

■ In light of this evidence, we find no violation of the Speedy Trial Act. The Act provides for exclusion of the delay caused by the defendant's absence if *one* of the following two situations occurred:

(1) the defendant's whereabouts were unknown and he was attempting to avoid apprehension or prosecution; *or*

(2) the defendant's whereabouts were unknown and the State was unable to locate him by due diligence.

In applying these provisions to the present case, we find that *both* situations occurred; thus, two independent reasons exist for excluding from the 120-day limit the period when the appellant's location was unknown.

First, the record indicates the appellant was aware of the charges against him and that he was attempting to avoid apprehension by changing residences. These circumstances differ from those in which a defendant continues to reside at the same location and continues to work at his customary place of employment. *See, e.g., Newton v. State*, 641 S.W.2d 530 (Tex. Crim.App.1982). This evidence as to the appellant's movements satisfies the requirements of art. 32A.02, § 4(4)(A), and alone would justify exclusion of the time period in question. To hold otherwise would reward the defendant who is diligent at avoiding apprehension.

There exists, however, an alternative justification for excluding the delay caused by appellant's absence: The record here discloses the State could not determine appellant's location despite a duly diligent search. Deputy Sheriffs Siracusa and Perry in Grimes County searched for a period of at least several weeks, and Siracusa requested assistance from Houston police both by teletype and by initial telephone conversations with Detective Yarborough on June 4, 1982. Although Detective Yarborough did not testify at trial, the testimony of Ronnie Gomez and Maria Trujillo reflects that the Houston Police Department conducted an active search in attempting to execute the warrant for appellant's arrest.

The facts of the present case differ from those of *Beddoe v. State*, 681 S.W.2d 114 (Tex.App.—Houston [14th Dist.] 1984, pet. granted). In *Beddoe*, the only action taken by the State to execute the arrest warrant was to log the warrant information into two computer networks. This court found that merely logging the warrant information into computers, without more, was not a duly diligent search. In the present case, however, the record reflects an active search by Grimes County and Houston officers, although the State's position would have been somewhat stronger if Deputy Sheriff Siracusa had periodically tele-

phoned Detective Yarborough to ascertain the status of the investigation. Nevertheless, based on the facts before us, we cannot say the State failed to exercise due diligence in bringing the appellant to trial. Because the record reveals two independent grounds for excluding the period of delay caused by appellant's absence, we find no violation of the Speedy Trial Act and overrule ground of error one.

In ground number two, appellant asserts trial court error in failing to quash an allegedly defective indictment. The indictment states in pertinent part that appellant:

by force and threats [had] sexual intercourse with [the complainant], a female not his wife and in the course of said criminal episode the defendant used and exhibited deadly weapons, to-wit: a knife and a firearm.

Appellant claims the indictment failed to give him notice of the charges against him, because it failed to specify *against whom* the force and threats were directed to convince the complainant to submit to sexual intercourse.

The Court of Criminal Appeals has stated that an indictment's failure to allege to whom the force and threats were directed is not fundamental error when no timely motion to quash was filed below. *Brem v. State*, 571 S.W.2d 314, 317 (Tex.Crim.App. 1978); *Childs v. State*, 547 S.W.2d 613 (Tex.Crim.App.1977). We are here presented with a different issue: whether a trial court commits reversible error by overruling a timely motion to quash an indictment that fails to allege to whom the force and threats were directed in a case based on TEX.PENAL CODE ANN. § 21.02(b)(1) and (b)(2) (Vernon 1974).[1]

With respect to such an indictment, the Court of Criminal Appeals has stated:

A logical deduction arising from a reasonable reading of the entire indictment is that the prosecutrix submitted to appellant's act because he threatened *her*

with the imminent infliction of death. If the evidence showed that some other person were the object of the threat, it would be a variance between the allegation and the proof.

*Childs*, 547 S.W.2d at 615. Even though *Childs* concerned fundamental error in the absence of a motion to quash, its logic applies equally to the present case.

Ideally, an indictment should allege to whom the threats and force are directed. *Goss v. State*, 580 S.W.2d 587 (Tex.Crim. App.1979). However, failure to do so is not reversible error, even if the defendant presents a timely motion to quash. The appellant in the present case was given notice of the crime against him, because a common-sense reading of the indictment reflects that the force and threats were directed against the complainant. We hold the trial court did not err in overruling the motion to quash. *See Cavazos v. State*, 668 S.W.2d 435 (Tex.App.—Austin 1984, pet. ref'd). Accordingly, we overrule appellant's second ground of error.

The trial court's judgment is affirmed.

---

1. Although Penal Code § 21.02 was in effect at the time of appellant's offense, the Texas Legislature repealed this statute effective September 1, 1983, and substituted TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1985) as a comprehensive sexual assault statute.