ACCEPTED
12-15-00069-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/17/2015 4:37:29 PM
Pam Estes
CLERK

## Nos. 12-15-00068-CR &
## 12-15-00069-CR

### IN THE COURT OF APPEALS FOR THE
### 12TH JUDICIAL DISTRICT OF TEXAS AT TYLER

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/17/2015 4:37:29 PM
PAM ESTES
Clerk

## ANDREW PJ WHITAKER,
APPELLANT

v.

## THE STATE OF TEXAS,
APPELLEE

---

## APPELLEE'S BRIEF

---

FROM THE 420TH JUDICIAL DISTRICT COURT
NACOGDOCHES COUNTY, TEXAS
THE HONORABLE EDWIN A. KLEIN, PRESIDING

TRIAL CAUSE NUMBERS F1421007 AND F1521497

Respectfully submitted,

*Oral argument is requested,*
*but only if Appellant is also*
*requesting oral argument.*

**KEVIN BELANGER**
Assistant District Attorney
Nacogdoches County, Texas
State Bar No. 24094534
101 W. Main St., Ste. 250
Nacogdoches, Texas 75961
Phone: (936) 560-7766
FAX: (936) 560-6036

## IDENTITY OF PARTIES & COUNSEL

**Appellant**............................................................ ANDREW PJ WHITAKER

Winfred A. Simmons, II
APPELLATE COUNSEL

**Appellee**............................................................... THE STATE OF TEXAS

Kevin Belanger
Assistant District Attorney
APPELLATE COUNSEL

Cristin Lane
Assistant District Attorney
TRIAL COUNSEL

Andrew Jones
Assistant District Attorney
TRIAL CO-COUNSEL

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................................iii

TABLE OF CONTENTS ...................................................................................iv

INDEX OF AUTHORITIES ................................................................................ v

STATEMENT OF THE CASE ............................................................................ 1

ISSUES PRESENTED ........................................................................................3

STATEMENT OF FACTS .................................................................................3

SUMMARY OF THE STATE'S ARGUMENT.........................................................5

STATE'S RESPONSE TO APPELLANT'S ARGUMENT........................................6

PRAYER...........................................................................................................15

CERTIFICATE OF SERVICE............................................................................16

CERTIFICATE OF COMPLIANCE....................................................................... 17

# INDEX OF AUTHORITIES

**STATUTES**                                                    **PAGE**

**TEX. PENAL CODE (2015)**

Sec. 6.03.................................................................................11

Sec. 8.02(a) ..........................................................................13

Sec. 31.07.............................................................................10

**RULES**

**TEX. R. APP. P. (2011)**

R. 38.......................................................................................1

**FEDERAL CASES**                                              **PAGE**

*Jackson v. Virginia*, 443 U.S. 307 (1979) ..............................9

*Strickland v. Washington*, 466 U.S. 668 (1984)......................12

**STATE CASES**                                                **PAGE**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984)......................7,8

*Barnes v. State,* 876 S.W.2d 316 (Tex. Crim. App. 1994)......................9

*Banks v. State*, 530 S.W.2d 940 (Tex. Crim. App. 1975).......................14

*Benavides v. State*, 763 S.W.2d 587 (Tex. App.—Corpus Christi 1988, *pet. ref'd*)
..........................................................................................9

*Burden v. State*, 55 S.W.3d 608 (Tex. Crim. App. 2001) ......................9

*Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001) ....................10

**STATE CASES (CON'T)**                                                 **PAGE**

*King v. State*, 29 S.W.3d 556 (Tex. Crim. App. 2000) ...................................9, 10

*Losada v. State*, 721 S.W.2d 305 (Tex. Crim. App. 1986) ................................10

*McQueen v. State*, 781 S.W.2d 600 (Tex. Crim. App. 2001)..................11

*Okonkwo v. State* 398 S.W.3d 689 (Tex. Crim App. 2013)..................12, 13

*Posey v. State*, 966 S.W.2d 57 (Tex. Cr. App. 1998)..........................5, 6, 7, 8

*Tolbert v. State*, 306 S.W.3d 776 (Tex. Crim App. 2010)..........................12

*Vasquez v. State*, 830 S.W.2d 948 (Tex. Crim. App. 1992).......................12

*Williams v. State*, 692 S.W.2d 671 (Tex. Crim. App. 1984) ...............................9

IN THE COURT OF APPEALS FOR THE
12TH JUDICIAL DISTRICT OF TEXAS AT TYLER

**ANDREW PJ WHITAKER,**
APPELLANT

v.

**THE STATE OF TEXAS,**
APPELLEE

---

**APPELLEE'S BRIEF**

---

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellee, the State of Texas, by and through the undersigned Assistant District Attorney, and respectfully submits this brief in response to Appellant, Andrew PJ Whitaker, pursuant to TEX. R. APP. P. 38, urging the Court to overrule Appellant's alleged point of error and affirm the judgment and sentence of the trial court in the above-numbered cause.

## STATEMENT OF THE CASE

On June 20, 2014, Andrew PJ Whitaker was indicted in cause number F1421007 in a one count indictment for a State Jail Felony offense of

1

Unauthorized Use of a Vehicle committed on or about June 3, 2015. (F1421007, 1 C.R. 6). On February 6, 2015, Andrew PJ Whitaker was indicted in cause number F1521497 in a one count indictment for a Class A Misdemeanor offense of Evading Arrest committed on or about June 6, 2015. (F1521497, 1 C.R. 6). This offense was further aggravated by the fact that Appellant used a vehicle in the commission of the offense, and had previously been convicted of the felony offense of Robbery. *Ibid.*

Appellant entered his plea of not guilty to in both cases on February 24, 2015. (3 R.R. 9:19-22). On February 24, 2015, a jury found Appellant guilty in cause numbers F1421007 and F1521497; Unauthorized Use of a Motor Vehicle and Evading Arrest, respectively. (3 R.R. 116:1–8). The offenses for which Appellant was found guilty were alleged to have occurred on or about June 3 and 6 of 2015. (F1421007, 1 C.R. 6 ; F1521497, 1 C.R. 6).

On February 25, 2015, the jury assessed Appellant's punishment at 2 years confinement in a State Jail Facility in cause number F1421007, and 13 years confinement to be served in the Texas Department of Criminal Justice in cause number F1521497. (5 R.R. 28:7-20). Appellant's Notice of Appeal was filed on February 26, 2015 with the district clerk's office. (F1421007 1 C.R. 36; F1521497 1 C.R. 25).

## ISSUES PRESENTED

Appellant presents four issues to be addressed by this Court:

1) Whether the defendant was deprived of a fair trial when the defense of mistake of fact was raised by the evidence, but was not submitted to the jury as part of the charge, and its absence was not objected to,

2) Whether the evidence of unauthorized use of a vehicle was sufficient for the trier of fact to find the defendant guilty,

3) Whether the failure of defense counsel to request an instruction on mistake of fact or to object to its absence constituted ineffective assistance of counsel, and

4) Whether the defendant was sufficiently harmed by failure to prove venue to require a new trial.

## STATEMENT OF FACTS

On February 24, 2015, testimony and evidence were presented in the trial court. Such evidence established that Jesus Barrios Quezada lived in Nacogdoches County and owned a 2002 Dodge truck. (3 R.R. 16:16-17:7). On June 3, 2014, Guadalupe Barrios Quezada, Jesus' sister, arrived at Jesus' home and noticed that the Dodge truck was missing. (3 R.R. 11:11-12:8). She phoned Jesus about the missing vehicle, then called 911. (3 R.R. 12:9-23). Mr. Barrios Quezada did not give Appellant, Andrew PJ Whitaker, permission to use his truck. (3 R.R. 18:17-

3

19:4).

On June 6, 2014, at approximately 4:00 A.M., Deputy Austin McDonald was working patrol. (3 R.R. 28:24-29:3). Deputy McDonald noticed a tan Dodge truck commit a traffic offense. (3 R.R. 29:9-13). Deputy McDonald then attempted to stop the vehicle, which fled down highway 59. (ST. EX. 1; 3 R.R. 32–21). During the pursuit, Deputy McDonald ran the plates on the Dodge truck, and dispatch reported back that it was a stolen vehicle. (3 R.R. 33:21-34:4). After a lengthy pursuit, the truck became stuck in a median on highway 59, and the suspect driving the vehicle fled into the nearby woods. (3 R.R. 36:21-24). Deputy McDonald then caught up to and apprehended the suspect, who turned out to be Andrew PJ Whitaker. (3 R.R. 37:5-22).

At the conclusion of the State's case-in-chief, the State rested. (3 R.R. 67:2–3). The defense then called Appellant Andrew PJ Whitaker to the stand. (3 R.R. 73:13-14). Appellant stated that he borrowed the truck in exchange for 10 dollars from a man named "Runny". (3 R.R. 77:8-23, 75:24-76:6). The defense then rested. (3 R.R. 90:25). After closing remarks, the jury deliberated. (3 R.R. 112:2–115:10). The jury returned a guilty verdict as to cause numbers F1421007 and F1521497. (4 R.R. 4:14–21).

The punishment phase of the trial followed the guilt/innocence phase. (8 R.R. 7:24). Testimony was elicited and evidence was admitted remarking as to

Appellant's past and character. (4 R.R. 5:17–13:16). Again, the jury deliberated, returning a sentence of 2 years confinement on cause F1421007 and 13 years confinement on cause F1521497. (4 R.R. 28:7-20). The sentence in cause F1421007 was to be served in state jail, and the sentence in cause F1521497 was to be served in the Texas Department of Criminal Justice–Institutional Division with each count to run concurrently with one another. *Ibid.*

## SUMMARY OF THE STATE'S ARGUMENT

Appellant is not entitled to have his conviction overturned by this Court. Appellant's first argument is that the trial court has a *sua sponte* duty to instruct the jury on unrequested defense issues. Such an argument is without merit - case law is clear on this point. *Posey v. State*, 966 S.W.2d 57 (Tex. Cr. App. 1998). Appellant's second argument, that the evidence of unauthorized use of a motor vehicle was not sufficient for the jury to return a verdict of guilt, is also without merit. A rational trier of fact could have found the essential elements of Unauthorized Use of a Vehicle proved beyond a reasonable doubt. Appellant's third argument is that Appellant's trial counsel's failure to request a jury instruction on mistake of fact or to object to its absence constituted ineffective assistance of counsel. This argument is also without merit. Trial counsel's failure to request the instruction and object to its absence was a strategic decision by counsel, and there is no reason to believe that but for the different instruction, the

5

result of the trial would be different. Finally, Appellant also argues that he requires a new trial as the State did not prove venue when it did not elicit evidence that the crime occurred in Texas – only that the crime occurred in Nacogdoches County – and that Appellant was substantially harmed as a result of this error. This argument has no merit – the State proved that the offense occurred in Nacogdoches County, and therefore proved venue through circumstantial evidence. Furthermore, any possibility of harm to Appellant would be a legal fiction. Accordingly, Appellant's conviction and sentence should be upheld.

## STATE'S RESPONSE TO APPELLANT'S ARGUMENT

### A. The trial court does not have a *sua sponte* duty to instruct the jury on an unrequested mistake of fact issue.

It is not disputed that when Appellant testified at trial, in doing so he raised the defense of mistake of fact to the jury. The State further does not dispute that Appellant's defense was "obvious, he believed he had consent of the owner to possess the vehicle". The State further agrees with Appellant's concession that the *Posey* court has held that omission of mistake of fact from a jury charge does not deny the Appellant a fair trial. *Id.* at 71. However, Appellant's assertion that *Posey* must be distinguished because the defendant did not testify on his own behalf at trial in that case is disingenuous, as evidence of mistake of fact was

6

submitted to the jury in *Posey* in the defense' case in chief, even if the defendant himself did not testify.

In *Posey*, the defendant was stopped in a Jaguar by a deputy, and the deputy noticed that the car was not registered in the defendant's name. *Posey* at 58. The deputy noticed that the inside door panel of the driver's side of the Jaguar was pulled back and the alarm system was cut. *Ibid.* The defendant told the deputy that a man named "Chuck" had given him permission to use the vehicle, and inside the glove compartment of the Jaguar were some repair bills with the name "Chuck" written on them. *Ibid.* The owner was in fact a woman named Wanda Thomas, who did not give anybody permission to use her vehicle, which she had parked at Hobby Airport on November 4, 1993. *Ibid.* Though the defendant did not testify at trial, he did produce two witnesses. *Ibid.* The witnesses stated that they saw a man named Charles Yates give the keys to the Jaguar to the defendant on November 7, 1993. *Ibid.* This testimony was not contradicted by any evidence from the State other than impeachment evidence and cross-examination. *Id.* at 59. The state argued in closing that the defense' arguments were not worthy of belief. *Ibid.* There was no mistake of fact instruction in the jury charge – the defendant did not request it, nor did he object to its absence at trial. *Ibid.*

The court in *Posey* upheld the verdict at trial, on the basis that the harm analysis of *Almanza v. State* does not apply until the court finds an error in the jury charge. *Id.* at 61, citing *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984). The *Almanza* court set out a framework for analysis on appeal to preserved and unpreserved errors in a jury charge based on its interpretation of Article 36.19 of the Texas Code of Criminal Procedure. See *Almanza* at 171-74. Because *Almanza* and Article 36.19 are solely concerned with the harm analysis, neither is instructive on whether an error actually occurred. See *Posey* at 60. "Therefore, the question boils down to whether Article 36.14 imposes a duty on trial courts to *sua sponte* instruct the jury on defensive issues, or whether article 36.14 permits a defendant to complain for the first time on appeal about the omission of unrequested defensive issues in the charge." *Id* at 60-61. The *Posey* court found that the plain language of 36.14 makes clear that a defendant must object to the charge to preserve error, and that the trial court does not have a duty to instruct a jury *sua sponte* on defensive issues. See *Posey* at 61-62. Therefore, as there was no error, the harm analysis under 36.19 and the *Almanza* court did not apply. *Id.* at 62.

This case and *Posey* are functionally identical. The distinction Appellant attempts to make is irrelevant – even though the defendant in *Posey* did not testify, evidence was submitted to the jury, and argued at closing, that the defendant was

mistaken in his belief that he had permission from the lawful owner to use the vehicle. The state, as it did in the instant case, argued that the defense case did not hold water. Because the charge to the jury was not objected to at trial, and because the trial court does not have a duty to *sua sponte* instruct the jury on defensive issues, no error occurred, and the *Almanza* harm analysis does not apply.

**B. The evidence of Unauthorized Use of a Vehicle was legally sufficient for the jury to return a guilty verdict.**

### a. The Legal Sufficiency Standard of Review

The relevant question in a legal sufficiency review is not whether there is any evidence to support a conviction, but whether there is sufficient evidence for a rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the legal sufficiency of the evidence under the criminal standard, all the evidence should be viewed in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).

The trier of fact, in this case the jury, is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); *Williams v. State*, 692 S.W.2d 671, 676

9

(Tex. Crim. App. 1984). The jury is entitled to draw reasonable inferences from the evidence. *Benavides v. State*, 763 S.W.2d 587, 588–89 (Tex. App.—Corpus Christi 1988, *pet. ref'd*). Moreover, reconciliation of any conflict in the evidence is within the exclusive province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). Although this Court's analysis should properly consider all the evidence presented at trial, it should not re-weigh the evidence and substitute its judgment for that of the jury. *King*, 29 S.W.3d at 562.

The legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge, which is a charge that accurately sets out the law, is authorized by the indictment, and does not unnecessarily increase the State's burden. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001).

### b. Application of the Law to the Facts of this Case

There was legally sufficient evidence for a rational trier of fact to find every essential element proved beyond a reasonable doubt and that Appellant committed the offense of Unauthorized Use of a Vehicle. A person commits the offense of Unauthorized Use of a Vehicle if he 1) intentionally or knowingly 2) operates another's boat, airplane, or motor-propelled vehicle 3) without the effective consent of the owner. TEX. PENAL CODE §31.07 (2015).

As for the culpable mental states, Texas law defines them as follows:

10

> A person acts intentionally . . . with regard to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

> A person acts knowingly . . . with respect to the nature of his conduct or to the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly . . . with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

TEX. PENAL CODE §6.03 (2015).

In the instant case, it is not in dispute that Appellant operated another's motor-propelled vehicle without the effective consent of the owner – what is in dispute is whether or not he did so knowingly. In this regard, the opinion in *McQueen v. State* is instructive. *McQueen v. State*, 781 S.W.2d 600 (Tex. Crim. App. 2001). The *McQueen* court held that Unauthorized Use of a Vehicle encompassed two "conduct elements" which make the overall conduct criminal – that the defendant intentionally or knowingly operated a motor vehicle, knowing that such operation was without the effective consent of the owner. *McQueen* at 604.

In the instant case, as in *McQueen*, Mr. Quezada's testimony that he did not give Appellant permission to use his vehicle proved, from a sufficiency standpoint, that Appellant knew that he did not have Mr. Quezada's permission. As to the affirmative defense of mistake of fact, that Appellant had "Runny"'s permission to use the vehicle and that he believed that "Runny" owned the vehicle, the finder of fact was free to reject this evidence.

11

**C. Appellant's Counsel was not ineffective for failing to request a mistake of fact instruction or object to its absence.**

The relevant question in an ineffective assistance of counsel argument is first whether in light of all the circumstances, the acts or omissions of trial counsel were so outside the wide range of professionally competent assistance as to implicate the adversarial nature of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). "Defensive issues frequently 'depend upon trial strategy and tactics'", and therefore the failure to request or object to the lack of any possibly available defensive instruction is not necessarily objectively unreasonable . *Okonkwo v. State 398* S.W.3d 689, 397(Tex. Crim App. 2013), citing *Tolbert v. State*, 306 S.W.3d 776, 779-82 (Tex. Crim App. 2010). "Just because a competent defense attorney recognizes that a particular defense *might* be available to a particular offense, he or she could also decide it would be inappropriate to propound such a defense in a given case." *Vasquez v. State*, 830 S.W.2d 948, 950 (Tex. Crim. App. 1992).

Trial counsel's conduct in the instant case certainly falls within the scope of providing a competent defense, and the *Okonkwo* decision is particularly instructive. In *Okonkwo*, the Appellant was charged with forgery of money. *Okonkwo* at 692. The Appellant's defense was that he did not know that the money was counterfeit, and his trial counsel did not request, nor object to the

12

absence of a mistake of fact instruction in the jury charge. However, the *Okonkwo* Court on appeal found that trial counsel's actions were objectively reasonable, given that a mistake of fact instruction could have arguably mislead the jury into decreasing the state's burden of proof. *Id.* at 696.

> "the instructions on the forgery elements required the State to prove beyond a reasonable doubt that appellant actually knew the bills were forged. By comparison, had counsel pursued an instruction on mistake of fact to address his second alternative theory, the jury would have also had to decide whether that belief was reasonable. *See* TEX. PENAL CODE § 8.02(a). This would have been problematic for appellant because the instruction would have decreased the State's burden of proof by permitting the jury to convict him if it concluded that his mistake was unreasonable, even if it found that the belief was honest. Therefore, counsel was not objectively unreasonable in failing to request an instruction that may have caused the jury to convict him based on a lessened burden of proof."

*Id.* at 696.

Counsel's strategy in the instant case could easily have followed the same line of logic as the *Okonkwo* court – had counsel successfully requested a mistake of fact defense be included in the jury charge, the jury might have been misled that the State's burden of proof was not to prove that Appellant knew that he did not have the permission of the rightful owner to operate the motor vehicle, but instead that Appellant's belief that he had consent to use the motor vehicle was objectively unreasonable. Therefore, as Appellant's counsel at trial acted to protect his client from a lowered burden of proof, it cannot be said that trial counsel's strategy rendered his performance ineffective.

13

**D. The State successfully proved that the crime occurred within the state of Texas through circumstantial evidence.**

Appellant's argument that the State did not properly prove venue is without merit. The evidence established that Mr. Barrios Quezada lived in Nacogdoches County, and kept his 2002 Dodge truck at his home there. (3 R.R. 16:16-17:7). Deputy McDonald also testified that he was on patrol on Highway 7 in Nacogdoches County when he first attempted to pull Appellant over. (3 R.R. 29:3-8).

Appellant states in his motion, and the State agrees, that venue need only be proven by a preponderance of the evidence. *Banks v. State*, 530 S.W.2d 940, 943 (Tex. Crim. App. 1975). Though there is no direct evidence that Nacogdoches County is in the State of Texas, there is circumstantial evidence given that there is no other Nacogdoches County in the entire United States of America or the State of Texas. This circumstantial evidence was never contradicted by counsel at trial or on appeal, and certainly meets the standard of preponderance of evidence to prove venue.

Furthermore, Appellant cannot articulate any actual harm that was suffered at a result of the State's failure to prove that venue was proper in Nacogdoches County. Appellant raises the spectre of forum shopping within the state of Texas, however this argument is without merit, as again, there is only one

14

Nacogdoches County in the State of Texas and the entire United States of America.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the undersigned counsel for the State of Texas respectfully requests and prays that this Honorable Court overrule Appellant's Point of Error and affirm the judgment and sentence of the 420th Judicial District Court of Nacogdoches County, Texas.

Respectfully submitted,

**KEVIN BELANGER**
Assistant District Attorney
Nacogdoches County, Texas

State Bar No. 24094534
101 W. Main St., Ste. 250
Nacogdoches, TX 75961
Phone: (936) 560-7766
FAX: (936) 560-6036

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been served via FAX/certified mail/hand delivery to counsel for Appellant, Winfred A. Simmons II, on this, the 17th day of September, 2015.

_____
Kevin Belanger

16

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this brief contains 3,436 words—excluding the caption, identity of parties, table of contents, index of authorities, signature, proof of service, certification, and certificate of compliance. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Kevin Belanger