**Opinion filed February 21, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00061-CR

_____

### CRUZ JOSE BELTRAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26933A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Cruz Jose Beltran of two offenses: (1) the third-degree felony offense of possession of methamphetamine in an amount between one and four grams[1] and (2) the state jail felony offense of theft of property with a value greater than $2,500 and less than $30,000. In this appeal, Appellant only challenges his theft conviction. The jury assessed Appellant's punishment on the theft

---

[1]With respect to this offense, we note that the jury found an enhancement allegation to be true and assessed Appellant's punishment at confinement for eleven years.

conviction at confinement for a term of 730 days in the State Jail Division of the Texas Department of Criminal Justice. In three issues, Appellant challenges the sufficiency of the evidence relating to venue on the theft conviction. We affirm.

*Background Facts*

In the early hours of March 31, 2016, Abilene Police Officer James Davis was on patrol in Abilene when he saw a pickup pulling a large, industrial-style trailer without working taillights or a license plate light. Officer Davis stopped the pickup near the intersection of South 7th Street and Oak Street in Abilene, a location which is in Taylor County. Officer Davis made contact with Appellant and the driver, Ivory Dearing. The lights and safety chains for the trailer were not hooked up, and the trailer ball on the pickup was too large for the trailer hitch. Officer Davis ran a search on the trailer license plate and determined that the trailer was owned by Druid Oil Field Services. Attached to a large fire extinguisher on the trailer was a card with "Druid" on it.

Officer Carye Adkins, Agent Ernest Moscarelli, and Sergeant Michael Baird responded to Officer Davis's request for backup assistance. Sergeant Baird obtained Dearing's consent to search the pickup. Sergeant Baird and Agent Moscarelli discovered several items, including a drill, gloves, backpack, scales, cutting torch, crowbar, and bolt cutters.

Officer Adkins drove to the Druid Oil Field Services lot in east Abilene. Officer Adkins found that the chain lock on the gate had been cut and was lying on the ground. Appellant admitted at trial that he had cut the lock with bolt cutters and then secured the trailer to the pickup with Dearing's assistance. Appellant further admitted to transporting the trailer to the location in Taylor County where Officer Davis stopped him and Dearing, with the intent to sell the stolen property.

2

*Analysis*

In three issues, Appellant asserts that there is insufficient evidence to prove that the theft of the trailer occurred in Taylor County because there is evidence that the theft took place in Callahan County. Appellant argues that the property was stolen from Druid Oil Field Services' lot located in Callahan County and, therefore, that it was improper for him to be prosecuted in Taylor County. Appellant contends that "[t]he indictment requires the State prove that [Appellant] unlawfully 'acquired *and* exercised' control over property in Taylor County. . . . This did not occur." We disagree with Appellant's analysis.

Venue is not an element of an offense, and a "failure to prove venue does not implicate sufficiency of the evidence." *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. 2014). Failure to prove venue does not result in an acquittal but, rather, is subject to a harm analysis for nonconstitutional error under TEX. R. APP. P. 44.2(b). *Id.* at 39.

The State bears the burden of proving venue by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2015); *Banks v. State*, 530 S.W.2d 940, 943 (Tex. Crim. App. 1975). Proof of venue can be demonstrated by either direct or circumstantial evidence. *Black v. State*, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983). Evidence is sufficient to prove venue if a jury may reasonably conclude that the offense was committed in the county alleged. *Rippee v. State*, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964).

Appellant argues that "[t]he state must prove the theft occurred in Taylor County." He contends that the State was required to prove that Appellant acquired the trailer in Taylor County because the indictment alleged that he acquired the trailer in Taylor County. Specifically, the indictment alleged that Appellant "acquir[ed] and exercise[ed] control" over the trailer in Taylor County. Appellant contends that the venue evidence is insufficient because it established that the trailer

was acquired in Callahan County because Druid's lot was located in Callahan County.

A theft occurs when a person unlawfully appropriates property with the intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2018). "Appropriate" is defined as "to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4)(B). Despite the use of the conjunctive word "and" in the indictment, the trial court correctly charged the jury in the disjunctive with respect to venue. *See Vasquez v. State*, 665 S.W.2d 484, 486–487 (Tex. Crim. App. 1984). Thus, the jury charge permitted the jury to base its venue determination on a finding that Appellant either acquired the trailer in Taylor County or exercised control over it in Taylor County.

Article 13.08 of the Texas Code of Criminal Procedure provides that, "[w]here property is stolen in one county and removed to another county, the offender may be prosecuted either in the county in which the property was stolen or in any other county through or into which the property was removed." CRIM. PROC. art. 13.08(a) (West Supp. 2018). The trial court included this special venue provision in the jury charge as an instruction to the jury.

Appellant, Dearing, Officer Davis, Officer Adkins, and other witnesses testified that the stolen trailer was found in Taylor County when Officer Davis stopped Dearing and Appellant. Thus, the State adduced sufficient evidence that Taylor County was a proper county for purposes of venue because the evidence established that Appellant exercised control over the trailer in Taylor County. Accordingly, we overrule Appellant's three issues on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

February 21, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.