The State v. Philip McClure.

An indictment under the statute to protect religious meetings (Hart. Dig. Art. 481,) must allege that the congregation was assembled at one of the places mentioned in the statute.

Appeal from Fayette.

*Attorney-General,* for appellant.

Lipscomb, J. This was an indictment for disturbing religious worship. It is founded on the following statutory provision: "That if any person or persons shall maliciously "disturb any congregation assembled for religious worship, "and conducting themselves in a peaceable and orderly man-"ner, in and about any church, chapel, meeting-house, en-"campment or camp-meeting, enclosure, mosque, synagogue, "or temple, while attending any protracted or other religious "meeting," &c. (Hart. Dig. Art. 481.) The indictment charges that the defendant "did then and there, by loud and "obscene language and disorderly conduct, maliciously dis-"turb a congregation of people assembled for religious wor-"ship at the Black Jack Spring, in the county aforesaid, and "conducting themselves in a peaceable and orderly manner," &c.

To this indictment there was a demurrer, and the cause assigned in its support is, that the *locus in quo* of the offence charged does not come within the provisions of the statute, in any one of the places designated therein, protected from disturbance. The demurrer was sustained, and we are reluctantly constrained to say that there is no error in so sustaining it. The indictment is evidently bad. If the place mentioned in the indictment was a meeting-house or chappel, so

called, or was a religious camp ground, so called, or camp-meeting, or an inclosure, it ought to have been so described. It was unfortunate that the appeal was taken from the judgment on the demurrer. It would have been better for the administration of the law, and the peace and good order of society, if a new indictment had been framed. That course is always best when it can be done, and the ruling of the Court is not clearly and manifestly wrong.

Judgment affirmed.