## R. Corley v. The State.

Disturbing Religious Worship. — Indictment alleged that the accused, "in the county of H. aforesaid, did willfully disturb a congregation assembled for religious worship," etc. *Held*, a sufficient allegation of the locality at which the congregation was assembled.

Appeal from the County Court of Houston. Tried below before the Hon. S. A. Miller, County Judge.

No brief for the appellant.

*W. B. Dunham*, for the State.

White, J. Appellant was indicted under the act of April 23, 1873 (Gen. Laws Thirteenth Legislature, 43), for disturbing religious worship, was tried and found guilty, and fined $25. There is no bill of exceptions or charge of the court in the record.

A motion in arrest of judgment was made upon the ground that the indictment was insufficient because it did not charge where the congregation was assembled, alleged to have been disturbed. The court did not err in overruling the motion. The indictment charged that appellant, "in the county of Houston aforesaid, did willfully disturb a congregation assembled for religious worship," etc. . This was equivalent to charging that the congregation disturbed were assembled in the county of Houston. The pleader, had he so desired, might have specified the locality in which the church was situated, and the name of the church or other place in which the congregation was assembled, but such particularity in fixing the *locus in quo* is not requisite to the validity of the indictment. The indictment shows and charges the offense to have been committed within the jurisdiction of the court in which the indictment was presented, and in other respects follows the language

of the statute.    *Yarborough* v. *The State*, 19 Texas, 163 ;
*Wupperman* v. *The State*, 13 Texas, 33.

The language of the statute is essentially different from
that in force at the rendering of the decision in the case of
*The State* v. *McClure*, 13 Texas, 23.

The testimony was sufficient to warrant the verdict (*Mc-
Elroy* v. *The State*, 25 Texas, 508), and the judgment is,
therefore, affirmed.

*Affirmed.*