496 S.W.2d 77 (1973)
Eugene Ernest WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 46431.
Court of Criminal Appeals of Texas.
June 27, 1973.
Paul McNutt, Jr., Rosenberg, for appellant.
Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION
DAVIS, Commissioner.
Appeal is taken from a conviction for felony theft. The jury assessed punishment at ten years.
The evidence shows that a steel warehouse in Stafford, belonging to S. W. *78 Weatherford, was broken into on October 31, 1971. Among the items taken were a dune buggy, a battery charger, hand tools and "things of that sort." The indictment charged appellant with theft of the dune buggy. On November 4, 1971, Dallas Gray, Jr. saw appellant driving a dune buggy and notified the police. Officer Wesley, of the Rosenberg Police Department, testified that he located the dune buggy travelling south on Second Street in Rosenberg, stopped the vehicle and placed the driver and a passenger under arrest. Wesley identified appellant as the driver of the vehicle and stated his reason for arresting appellant was that the vehicle he was driving had been reported stolen. Weatherford testified he recovered his dune buggy from Rosenberg officers, and that its value was more than $3,000.00.
Appellant's sole contention is that the court erred in admitting testimony by Officer Lewis that the battery charger taken from the Weatherford warehouse on the night the dune buggy was stolen was recovered in the search of a residence not shown to be connected with appellant.
Officer Lewis, of the Stafford Police Department, testified that he had investigated the burglary of the Weatherford warehouse, and, after the dune buggy was recovered, he obtained a search warrant for the home of appellant's mother. A search of the appellant's mother's residence resulted in the finding of a battery charger identified by Weatherford as the one taken at the time in question. Appellant urges that the evidence in no way connected him with the theft of the battery charger, and that evidence of the extraneous offense prejudiced the jury by showing that the officer had apparently solved the crime with the arrest of the appellant.
The evidence reflects that both a dune buggy and a battery charger were taken when the warehouse was broken into on October 31, 1971.
The fact that the indictment did not allege the theft of a battery charger did not render evidence of its taking inadmissible under the circumstances of this case. In Thompson v. State, Tex.Cr.App., 78 S.W. 941, where a buggy harness was shown to have been taken at the same time a lap robe was stolen, evidence concerning it was held admissible in a prosecution for theft of the lap robe as part of the res gestae of the offense, though it was not traced to the possession of the accused. Where the offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper. 4 Branch's Ann.P.C.2d, Sec. 2255, p. 618. Blassingame v. State, Tex.Cr.App., 477 S.W.2d 600; Webb v. State, Tex.Cr. App., 472 S.W.2d 760.
We perceive no error.
The judgment is affirmed.
Opinion Approved by the Court.