Leon **NEVAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47003.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Roy Rutland, Jr., Frank M. Fitzpatrick, Jr., Waco, for appellant.

Martin D. Eichelberger, Dist. Atty. and Ward Casey, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for carrying a pistol on premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act where the public was invited and alcoholic beverages were openly sold, served and consumed (Art. 483,

Vernon's Ann.P.C.); the punishment, three years' imprisonment.

The principal complaint urged is the failure of the trial court to grant the appellant's timely presented written motion to quash and dismiss the indictment. It is argued that the indictment failed to allege with sufficient particularity the place where the offense was committed.[1]

Omitting the formal parts, the indictment alleges:

" . . . on or about the 4th day of July A.D., 1972 in said County of McLennan and State of Texas, and anterior to the presentment of this indictment, Leon Nevarez did then and there carry on and about his person a pistol while in a premise covered by a permit and license under the provisions of the Texas Liquor Control Act where the public is invited and alcoholic beverages are openly sold, served, and consumed."

The appellant relies upon State v. McClure, 13 Tex. 23 (1854). The statute under which the prosecution was brought read as follows:

" 'That if any person or persons shall maliciously disturb any congregation assembled for religious worship, and conducting themselves in a peaceable and orderly manner, in and about any church, chapel, meeting-house, encampment or camp meeting enclosure, mosque, synagogue or temple, while attending any protracted or other religious meeting.' &c. (Hart.Dig., Art., 481)." State v. McClure, supra.

The pleading held to be defective in that case was stated to be as follows:

"Did then and there, by loud and obscene language and disorderly conduct, maliciously disturb a congregation of people assembled for religious worship at the Black Jack Spring, in the county aforesaid, and conducting themselves in a peaceable and orderly manner."

In holding this pleading insufficient the Supreme Court said:

"The indictment is evidently bad. If the place mentioned in the indictment was a meeting house or chapel, so called, or was a religious camp ground, so called, or camp meeting, or an enclosure, it ought to have been so described."[2]

■ The appellant's interpretation of the rule in State v. McClure, supra, is too narrow. That rule only requires that the allegation specify the class or type of place within the county where the crime might be committed. It does not require a specific allegation of the place by street address or ownership.

Murder, burglary and theft are examples of offenses which may be committed any-

---

1. The grounds as more fully stated in the Motion to Quash were as follows:

"I. The indictment must particularize the exact place the alleged offense was committed since the place in this indictment, a premise covered by a permit and license issued by Texas Liquor Control Act, is an element of the alleged crime. Said indictment fails to do so.

"II. This indictment is not sufficient to inform defendant of the premise in question and is absolutely indefinite as to the exact premise covered. Defendant can not properly prepare his defense not knowing the exact place or places involved.

"III. Ownership enters into the definition of the offense, and the name of the owner must be shown of the premise covered by a permit and license issued under the provisions of the Texas Liquor Control Act where the public is invited and alcoholic beverages are openly sold, served and consumed.

"IV. This indictment, being insufficient to inform defendant of the premise in question, does not give information upon which could be based a plea of once in jeopardy in case of a second prosecution."

2. The rule based on State v. McClure, supra, has been stated as follows:

"An averment as to the county in which the offense occurred must be clear and certain, though it is not necessary to particularize the place further than to allege that the offense was committed within the county, unless place is an element of the crime." 30 Tex.Jur.2d, 597–598, Indictment and Information, Section 35.

where within the county and it is only necessary in such cases to allege that the offense occurred within the county. But other offenses like that charged in this case and driving while intoxicated may be committed only in certain places designated by statute within a county. In prosecutions for driving while intoxicated it is necessary to allege that the offense occurred on a public highway or road, but no greater particularity is required. Hartsook v. State, 156 Tex.Cr.R. 560, 244 S.W.2d 830 (1951); Blackburn v. State, 150 Tex. Cr. 572, 204 S.W.2d 619 (1947); Bedwell v. State, 142 Tex.Cr.R. 599, 155 S.W.2d 930 (1941).

■ When an offense may only be committed in a certain type or class of places within a county it is sufficient to allege its commission in that type or class of place without alleging the specific place within the type or class. See 41 Am.Jur.2d 958, Indictments and Informations, Section 123. The trial court did not err in refusing to quash and dismiss the indictment.

The appellant also complains that evidence of extraneous offenses was improperly admitted. A brief statement of the facts is necessary to the discussion of this ground of error. The appellant entered a lounge accompanied by two minors. After the appellant's request that the minors be served beer was refused he laid a pistol on the table. He then returned the pistol to his pocket and left the lounge. Shortly thereafter a shot was heard and bullet holes were found in the window and the wall of the lounge. No pistol was offered in evidence.

The appellant's specific complaint is that the State should not have been permitted to show evidence of the shooting into the lounge or his attempt to purchase beer for minors.

■ Where facts showing or tending to show other offenses are blended or closely interwoven with the case on trial proof of all such facts is proper. Washington v. State, 496 S.W.2d 77 (Tex.Cr.App.1973); Joshlin v. State, 488 S.W.2d 773 (Tex.Cr.

App.1972); Craig v. State, 478 S.W.2d 86 (Tex.Cr.App.1972); Blassingame v. State, 477 S.W.2d 600 (Tex.Cr.App.1972); Tinsley v. State, 461 S.W.2d 605 (Tex.Cr. App.1970).

■ Evidence of the attempt to purchase beer for minors and the firing of a weapon were blended and closely interwoven with the facts surrounding the display of the pistol. Proof of these facts was proper. Moreover, evidence of the shooting of a weapon was admissible to rebut appellant's defense. When the appellant's counsel was cross-examining a State's witness who had seen the pistol which appellant had laid on the table, defense counsel showed the witness a cap pistol. The witness identified the cap pistol as a real pistol and finally admitted that he did not know whether the pistol the appellant laid on the table could be fired. Evidence that a bullet was fired into the lounge shortly after the appellant left was admissible on the issues of whether appellant's gun was real or a toy and whether it would fire. See Newman v. State, 485 S.W.2d 576 (Tex. Cr.App.1972); and Grayson v. State, 481 S.W.2d 859 (Tex.Cr.App.1972).

In the remaining ground it is urged that the trial court erred in failing to grant appellant's motion for mistrial after the prosecuting attorney "in the presence of the jury interrogated State's witness in such a manner as to constitute an indirect reference to appellant's failure to testify." The record shows that the following exchange took place while a prosecution witness was being examined during the State's case in chief, by the assistant district attorney:

"Q. Of course, Leon Nevarez, if he didn't put that hole in the wall, he could tell us about that, and he would know better than anybody else, wouldn't he?

[DEFENSE ATTORNEY]: I think that is going outside the record, and I would like to make a Motion for a mistrial. He's already testified that Leon Nevarez told him that he did not have a gun. The District Attorney is just trying to . . .

COURT: Just a moment. What is your objection?

[DEFENSE ATTORNEY]: He's trying to imply that if Leon didn't have something to hide, he would take the witness stand. He's not supposed to make any comments.

COURT: If that is the purpose of the question, I will sustain the objection."

After the trial judge stated that he would sustain the objection the appellant did not request that the jury be instructed not to consider the matter complained of and and did not renew his motion for mistrial. The error, if any, was not properly preserved. Torres v. State, 491 S.W.2d 126 (Tex.Cr.App.1973); Shipp v. State, 482 S.W.2d 870 (Tex.Cr.App.1972); Jones v. State, 482 S.W.2d 634 (Tex.Cr.App. 1972). Also compare Jackson v. State, 501 S.W.2d 660 (Tex.Cr.App.1973); Hill v. State, 480 S.W.2d 670 (Tex.Cr.App.1972); and McCary v. State, 477 S.W.2d 624 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.