**Koni SHANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47200.**

Court of Criminal Appeals of Texas.

April 3, 1974.

Rehearing Denied Sept. 24, 1974.

Ronald A. Monshaugen, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough and Mike Schneider, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of a violation of the liquor laws (Art. 667–19B(b), Vernon's Ann.P.C.), and was assessed a fine of one hundred dollars.

Article 667–19B, supra, in relevant part, provides:

"For the purposes contemplated by this Act, conduct by any person at a place of business where the sale of beer at retail is authorized that is lewd, immoral, or offensive to public decency is hereby declared to include but not be limited to the following prohibited acts; and it shall be unlawful for any person engaged in the sale of beer at retail, or any agent, servant or employee of said person, to engage in or to permit such conduct *on the premises* of the Retailer:

\*    \*    \*    \*    \*    \*

"(b). The exposure of person or permitting any person to expose his person." (Emphasis added.)

The complaint and information in the record and upon which the instant prosecution was based, in relevant part, charged:

"  .   .   . that in said County of Harris and State of Texas, heretofore on or about the 26th day of April, A.D., 1972, JUDITH ANNETTE REED [1] being the agent, servant and employee of George William Courtemanche, the said George William Courtemanche being then and there the holder of a wine and beer permit theretofore issued by the Texas Alcoholic Beverage Commission for the premises located at 4656 Telephone, Houston, Harris County, Texas, and the said defendant as such agent, servant and employee of said licensee did then and there expose her person publicly in a way that was then and there offensive to public decency."

It will be observed that the information contains no allegation that the appellant engaged in such conduct *on the premises*

of the Retailer. The allegation that she exposed her person in her capacity "as agent, servant and employee of said licensee" is not sufficient, since the element of the offense as to location is a separate and independent element of any offense alleged under Article 667–19B, supra.

Nevarez v. State, Tex.Cr.App., 503 S. W.2d 767, cited in the dissenting opinion, is instructive. The indictment therein specifically charged that the defendant carried a pistol "while in a premise covered by a permit and license under the provisions of the Texas Liquor Control Act where the public is invited and alcoholic beverages are openly sold, served, and consumed." This charge was held sufficient against a claim that the indictment failed to allege with sufficient particularity the place where the offense was committed. It was pointed out that when an offense may only be committed in a certain type or class of place, it is necessary to allege that the offense was committed in such type or class of place. In the instant case the allegation was only that the act was done "publicly", and was done "then and there," which clearly is shorthand form for "in the aforesaid county and on the aforesaid date." It was not alleged that the alleged conduct was engaged in "on the premises of the Retailer." Thus, the opinion cited by the dissent supports reversal of the instant case.

The information as worded would permit conviction for conduct committed outside the entrance to the premises, down the street, or even across town, in an advertising campaign, or for any other purpose. Clearly the purpose and effect of Article 667–19B is only to prohibit certain conduct from being engaged in or permitted *on the premises* of the Retailer.

1. The record reflects that appellant's name was *legally changed by order entered in the* 80th Judicial District Court of Harris County, Cause No. 919,194, on September 6, 1972, from Judith Annette Reed to Koni Shane.

Involved is not merely a question of notice: the type of place is an essential element of the offenses denounced by Article 667–19B, supra. In Harris v. State, Tex.Cr.App., 499 S.W.2d 9, upon a conviction for driving a motor vehicle upon a public highway while intoxicated, it was held that, where the evidence did not show that the acts occurred upon a public highway, the judgment must be reversed. If reversal is required upon the failure of the evidence to show the acts were committed in the type or class of place required to constitute an offense, then *a fortiori* no conviction may be had upon an indictment or information which fails to allege the essential element of type or class of place, absent which no offense is alleged.

The information as drafted does not allege a violation of Article 667–19B. The conviction must therefore be reversed.

We also observe that the charge to the jury did not instruct that it must find beyond a reasonable doubt that the alleged act occurred on the premises.

The judgment is reversed and the prosecution ordered dismissed.

MORRISON, Judge (dissenting).

I cannot agree to the reversal of this conviction. When the State charged that the appellant, who was an employee of Courtemanche, who had a wine and beer permit for premises located at 4656 Telephone Road and as such employee exposed her person, the appellant was effectively put on notice that the exposure occurred at 4656 Telephone Road.

The conclusion I here express is fortified by the fact that appellant filed no motion to quash the information and in no other manner made it known to the trial court that she was not informed as to where the offense was alleged to have occurred. Cf. Nevarez v. State, Tex.Cr. App., 503 S.W.2d 767.

DOUGLAS, J., joins in this dissent.