

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00333-CR

MICHAEL PAUL LAVOIE                                             APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1251622D

----------

## MEMORANDUM OPINION[1]

----------

In two points, appellant Michael Paul Lavoie appeals his convictions for four counts of aggravated robbery with a deadly weapon.[2] Appellant asserts that the trial court erred by admitting evidence of an extraneous offense and by excluding testimony from his proffered expert witness. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

## Background Facts

One evening in the winter of 2011, after standing near a Papa John's restaurant while talking on his phone, appellant walked into the restaurant, entered an area behind the register reserved for employees, and ordered the employees to lie face down on the floor in the back of the restaurant. In his right hand, appellant carried what looked like a gun.[3] While keeping the gun at his side, appellant stole money from a cash register, took the employees' wallets, told an employee to open the restaurant's safe,[4] instructed the employees to remain on the floor for ten minutes, and left the restaurant. Disregarding appellant's instruction, the restaurant's manager stood up and called the police. Appellant later told the police about his involvement in the incident.

A grand jury indicted appellant with five counts of aggravated robbery with a deadly weapon. Appellant's indictment included a paragraph alleging that he had been previously convicted of aggravated robbery with a deadly weapon. Appellant filed several pretrial motions, including a motion seeking the exclusion of evidence of extraneous offenses; chose the trial court to assess his punishment if he was convicted; and pled not guilty to the first four counts of the indictment. The State waived the fifth count.

---

[3]Two employees testified that they had believed the gun was real because unlike toy guns, it did not have an orange tip on the barrel.

[4]The employee could not do so because the safe had a time-delay feature.

After receiving the parties' evidence and arguments, a jury found appellant guilty of all four counts of aggravated robbery with a deadly weapon. The trial court heard evidence concerning appellant's punishment[5] and sentenced him to confinement for life for each count with the sentences running concurrently. Appellant brought this appeal.

**Admission of Extraneous-Offense Testimony**

In appellant's first point, he argues that the trial court erred by admitting evidence of an extraneous offense. Specifically, he argues that this evidence was inadmissible under rules of evidence 403 and 404(b). *See* Tex. R. Evid. 403, 404(b).

We review a trial court's decision to admit evidence for an abuse of discretion. *Whitemon v. State*, 460 S.W.3d 170, 179 (Tex. App.—Fort Worth 2015, pet. ref'd). A trial court abuses its discretion in admitting evidence if that decision falls outside the wide zone of reasonable disagreement. *Id.* We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1024 (2006); *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

At trial, appellant conceded that he had been involved in the incident at Papa John's, but he contended that he had not used a deadly weapon. Rather,

---

[5]Appellant pled true to the repeat offender paragraph of the indictment.

appellant argued that he had used only a non-operative BB gun. He questioned the State's principal witnesses—the restaurant's employees—about whether they were certain that they had seen a real gun.

Outside the presence of the jury, the State proposed to present testimony from the victim of a robbery committed by appellant at another restaurant less than two months before the incident at Papa John's. The State represented that this witness would testify that appellant used a real gun in that robbery. The State argued that this witness's testimony, although admittedly concerning an extraneous offense, was admissible to rebut appellant's defensive theory that the gun used in the Papa John's incident was not real. Appellant objected to the testimony on the ground that he had not created any issue concerning identity or modus operandi and that the testimony would only "bolster testimony from other witnesses who clearly indicated that they didn't feel this was a real weapon." The trial court overruled appellant's objection and admitted the testimony.

In front of the jury, the witness testified that one evening in December 2010, after waiting in a restaurant while talking on a cell phone, appellant placed a gun against her back, led her to an office area, ordered her and other employees to sit on the floor, told one of the employees to open a safe, and eventually left after telling the employees to not get up for five minutes. The witness testified that she had been married to a gunsmith, that she had helped her husband repair guns, that she had been around guns all of her life, and that the gun appellant used in that offense was real. The witness explained that she

4

could discern that the gun was real because it shined when appellant carried it, it had a large barrel, it had a clip, it felt heavy when appellant placed it against her back, and it "wasn't plastic looking."

**Rule 403 complaint**

Under rule of evidence 403, a trial court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Tex. R. Evid. 403. Appellant complains that the evidence concerning the previous robbery that he committed was inadmissible because it was unfairly prejudicial under rule 403. The State argues that we need not address the substance of appellant's rule 403 complaint because he did not make a rule 403 objection at trial and therefore did not preserve such a complaint for appeal.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1)(A); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 305 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. A reviewing court should not address the merits of a point that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

5

At trial, appellant did not make an objection to the extraneous-offense evidence on the basis that it was unfairly prejudicial, nor did he explicitly cite rule 403 as a ground for his objection.[6] Thus, we hold that appellant did not preserve the rule 403 objection for our review, and we overrule that part of his first point. *See* Tex. R. App. P. 33.1(a)(1); *Everitt*, 407 S.W.3d at 262–63; *see also Hailey v. State*, 413 S.W.3d 457, 465 n.2 (Tex. App.—Fort Worth 2012, pet. ref'd) ("Appellant did not object at trial that the evidence was substantially more prejudicial than probative. Thus, to the extent he attempts to raise a rule 403 complaint on appeal, he failed to preserve that portion of his complaint for appellate review." (citation omitted)); *Reyna v. State*, 99 S.W.3d 344, 348 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that a general objection did not preserve a rule 403 complaint for appellate review).

---

[6]In appellant's pretrial motion *in limine*, he contended that the trial court should determine, with regard to any extraneous offense, whether the "probative value of the evidence is outweighed by [the] danger of unfair prejudice." But a motion *in limine* is "a preliminary matter and normally preserves nothing for appellate review. For error to be preserved with regard to the subject of a motion *in limine*, an objection must be made at the time the subject is raised during trial." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (footnote omitted), *cert. denied*, 555 U.S. 1105 (2009); *see Swilley v. State*, No. 02-13-00569-CR, 2015 WL 3637850, at *5 (Tex. App.—Fort Worth June 11, 2015, no pet.) ("[G]enerally the granting or denial of a motion in limine is a preliminary ruling only and preserves nothing for appellate review."); *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd) ("It is axiomatic that motions in limine do not preserve error.").

**Rule 404(b) objection**

Under rule 404(b), evidence of crimes or wrongs committed by the defendant that are extraneous to the charges at issue are not admissible to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Tex. R. Evid. 404(b)(1); *Segundo v. State*, 270 S.W.3d 79, 87 (Tex. Crim. App. 2008) ("The general rule is that the defendant is to be tried only for the offense charged, not for any other crimes or for being a criminal generally."), *cert. denied*, 558 U.S. 828 (2009). But such evidence may be admissible for other purposes, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Tex. R. Evid. 404(b)(2); *see Segundo*, 270 S.W.3d at 87 (explaining that "evidence of extraneous acts of misconduct may be admissible if . . . the uncharged act is relevant to a material issue in the case"); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001) (explaining that evidence of an extraneous offense may be admissible when it is relevant to a "noncharacter conformity fact of consequence in the case, such as rebutting a defensive theory"). Appellant contends that testimony about the prior robbery was inadmissible as "character conformity evidence" under rule 404(b).

The State argues that appellant failed to preserve his rule 404(b) argument for appeal. But considering the context of the record, in which the State conceded that it was asking to present evidence of an extraneous offense, we conclude that appellant preserved the rule 404(b) complaint when he objected to

the testimony described above on the grounds that no issue of identity or modus operandi was in question and that the State's offer of the testimony was simply an attempt to bolster existing evidence. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 404(b)(2) (explaining that evidence of an extraneous offense "may be admissible [to show] . . . *identity*" (emphasis added)); *Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996) ("Where the record makes clear that the trial court understood an objection and its legal basis, a trial court's ruling on that objection will be preserved for appeal, despite an appellant's failure to clearly articulate the objection."); *see also Casey v. State*, 215 S.W.3d 870, 881 (Tex. Crim. App. 2007) (acknowledging that there is a "*modus operandi* theory of admissibility under Rule 404(b)"); *Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004) (explaining that if the issue of a defendant's identity is raised, rule 404(b) permits introduction of extraneous offense evidence relevant to the identity issue).

We cannot conclude, however, that the trial court abused its discretion by admitting the evidence of the prior robbery over appellant's rule 404(b) objection. Evidence of an extraneous offense may be admissible to rebut a defensive theory on an elemental fact. *Powell*, 63 S.W.3d at 438. In *Powell*, during a trial for indecency with a child, the State presented evidence that Powell had sexually molested the victim—a young female—on numerous occasions in his living room while other people were sleeping in the room. 63 S.W.3d at 436. Powell contended in his opening statement and through cross-examination of the victim

8

that he could not have had the opportunity to molest the victim with others present in the same room. *Id.* at 436–37. In response, the State offered extraneous offense evidence from several witnesses who testified that appellant had molested them under circumstances similar to those the victim had described. *Id.* at 437. The court of criminal appeals held that the trial court had not abused its discretion by admitting evidence of the extraneous crimes because the evidence rebutted Powell's defensive theory "that he had no opportunity to commit the offense because he was never alone" with the victim. *Id.* at 438.

Analogous to *Powell*, Texas courts have held that when a defendant claims that he did not use a real gun while committing an offense, the State may present evidence that the defendant used a real gun in a similar offense or previously had access to a real gun. *See Owens v. State*, No. 14-11-01059-CR, 2012 WL 3292962, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2012, pet. ref'd) (mem. op., not designated for publication) (concluding that when the defendant's theories were that he had not used a real firearm during a robbery but only a BB gun and that he could not have had access to a real gun because he was a felon and barred from buying one, the State could present evidence that appellant had used a real gun in a similar robbery two years earlier); *Diaz v. State*, No. 01-96-01070-CR, 1998 WL 93038, at *1, *3–4 (Tex. App.—Houston [1st Dist.] Mar. 5, 1998, pet. ref'd) (not designated for publication) (concluding that in an aggravated robbery case, testimony that the defendant displayed a real

9

gun in a similar robbery weeks after the charged offense tended to "rebut the defensive theory that the gun was not real and [tended] to prove a material fact in the State's case"); *see also Nevarez v. State*, 503 S.W.2d 767, 769 (Tex. Crim. App. 1974) (concluding that when a defendant was charged with unlawfully carrying a gun in a lounge where alcohol was served and theorized that the gun was not real, the State was permitted to introduce evidence that shortly after he left the lounge, "a shot was heard and bullet holes were found in the window and the wall of the lounge").

Here, the trial court could have reasonably ruled that evidence of the prior, remarkably similar robbery in which appellant used a real gun was admissible to rebut his defensive theory that he used a non-operative BB gun during the robbery at Papa John's. Whether the gun was real was, of course, material and elemental because the State had to prove that appellant used a deadly weapon to obtain a conviction for aggravated robbery.[7] *See* Tex. Penal Code Ann. § 29.03(a)(2).

Under the authority cited above, it is at least subject to reasonable disagreement whether the testimony about appellant's extraneous offense was admissible for the noncharacter-conformity purpose of rebutting appellant's contention that he used a fake gun during the incident at Papa John's. *See*

---

[7]Appellant states on appeal that the "only contested issue in [his] trial was whether the object carried by [appellant] in the robbery was really a firearm or a toy BB gun."

10

*Powell*, 63 S.W.3d at 438; *Nevarez,* 503 S.W.2d at 769; *Owens*, 2012 WL 3292962, at *1–2; *see also De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (explaining that rule 404(b) "excludes only that evidence that is offered (or will be used) *solely* for the purpose of proving bad character and hence conduct in conformity with that bad character" (emphasis added)). Thus, we hold that the trial court did not abuse its discretion by admitting the testimony, and we overrule the remainder of appellant's first point. *See Whitemon*, 460 S.W.3d at 179.

### Exclusion of Expert Testimony

In his second point, appellant complains that the trial court abused its discretion by not allowing his proffered expert witness, Kristian Jara, to testify. After the State rested, outside of the jury's presence, appellant called Jara, who testified that he is a private security sales consultant and a private investigator, that he was an officer in the Air Force for several years, that he had received basic police training and weapons training (including shooting and cleaning them), that he has a concealed handgun license, that he owns three firearms, that he had "much training in the care and appearance of weapons," that he could describe the difference between a "shiny weapon and a matte weapon," and that he could also discern the difference between a real gun and a fake gun. On cross-examination by the State outside of the jury's presence, Jara conceded that he had not witnessed the incident at Papa John's, did not know appellant, and had not examined any firearms related to appellant's case. After hearing

11

Jara's testimony, the trial court ruled that he would not be able to testify as an expert witness, and appellant rested as to guilt-innocence without calling any witnesses.

Although appellant complains on appeal that the trial court erred by excluding Jara's testimony, we conclude that appellant did not preserve this complaint for our review. To preserve error related to the exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2); *Bundy v. State*, 280 S.W.3d 425, 428 (Tex. App.— Fort Worth 2009, pet. ref'd). Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel. Tex. R. Evid. 103(a)(2); *Bundy*, 280 S.W.3d at 429. Counsel's concise statement must include a summary of the evidence offered. *Bundy*, 280 S.W.3d at 429. Error is not preserved if the offer of proof is inadequate. *Id.*; *see also Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (holding that error was not preserved when appellant failed to proffer, with "some degree of specificity," the substantive evidence he intended to present).

Here, appellant did not establish, through questions of Jara or through any statement by counsel, the content of Jara's proposed testimony. Instead, appellant elicited evidence only as to Jara's qualifications and the general topics (but not the specific opinions) of his proposed expert testimony, which is insufficient to preserve error. *See* Tex. R. Evid. 103(a)(2); *Bundy*, 280 S.W.3d at

12

429; *see also Mays*, 285 S.W.3d at 890; *Solley v. State*, No. 14-07-00803-CR, 2009 WL 396268, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, pet. ref'd) (mem. op., not designated for publication) ("We hold that counsel's identification of the mere *topics* of the expert's likely testimony does not qualify as a 'reasonably specific summary' of the evidence."). We are not at liberty to judge the propriety or the potential harm of the trial court's evidentiary ruling without knowing the content of the potential testimony. *See Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 866 (1985); *see also Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009) ("The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful."); *Dozal v. State*, No. 02-13-00478-CR, 2015 WL 120491, at *3 (Tex. App.—Fort Worth Jan. 8, 2015, no pet.) (mem. op., not designated for publication) ("[T]he record does not disclose what Martin's answer to appellant's question about her previous confinement would have been, nor does the context of the question disclose the answer. Thus, we conclude that appellant failed to preserve error as to this point, and we overrule it."); *Alberts v. State*, 302 S.W.3d 495, 509–10 (Tex. App.—Texarkana 2009, no pet.) (holding that error was not preserved when the defendant elicited testimony about an expert's qualifications but did not elicit testimony about the substance of the expert's opinion). Because we conclude that appellant failed to preserve a complaint about the exclusion of Jara's testimony by not establishing what the substance of that testimony would have been, we overrule his second point.

13

**Conclusion**

Having overruled both of appellant's points, we affirm the trial court's judgments.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J. GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 28, 2015

14